IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 13-0028 CW |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO SEVER (Docket No. 111) |
| v. | |
| REMON ROYAL, | |
| Defendant. | |

In January 2013, Defendant Remon Royal was indicted and charged with the manufacture of fraudulent identification documents.  On September 27, 2013, Royal moved to sever his pretrial proceedings and trial from those of his twelve co-Defendants.  Plaintiff United States of America does not oppose the motion.  Because Defendant has established good cause for severing his proceedings, the Court grants his motion to sever.

## DISCUSSION

Federal Rule of Criminal Procedure 8(b) provides that an "indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  Here, the United States concedes that "there is not presently strong evidence that defendant Royal participated in a common act or transaction or the same series of acts or transactions with the other defendants named in the Indictment."  Docket No. 149, Resp. Mot. Sever, at 3.  The United States also admits that it may charge Royal with additional counts which "will likely have no connection to the other co-defendants."

Case 4:13-cr-00028-CW   Document 182   Filed 10/24/13   Page 2 of 2

Id. Thus, in light of these admissions, the Court finds that severing Royal's trial and pretrial proceedings from those of his co-Defendants will promote judicial efficiency and reduce the risk that he be convicted based on his association with his co-Defendants. See United States v. Satterfield, 548 F.2d 1341, 1346 (9th Cir. 1977) ("At a joint trial, where one defendant is charged with offenses in which the other defendants did not participate, the detailed evidence introduced to establish guilt of the separate offenses may shift the focus of the trial to the crimes of the single defendant. In such cases, codefendants run a high risk of being found guilty merely by association.").

## CONCLUSION

For the reasons set forth above, Defendant's motion to sever (Docket No. 111) is GRANTED. The Court shall set a separate trial date for Defendant at the motions hearing on October 28, 2013.

IT IS SO ORDERED.

Dated: 10/24/2013

CLAUDIA WILKEN
United States District Judge

2